JOSEPH P. MCMONIGLE  State Bar #66811
JESSICA R. MACGREGOR State Bar #168777
JOHN S. HONG  State Bar #255150
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222
FAX: (415) 397-6392
Email:  jmcmonigle@longlevit.com
        jmacgregor@longlevit.com
        jhong@longlevit.com

Specially Appearing for Defendants
GILE R. DOWNES, ESQ. and SCHULTE,
ANDERSON, DOWNES, ARONSON & BITTNER,
P.C.

Edward S. Zusman (SBN 154366)
ezusman@mzclaw.com
Kevin K. Eng (SBN 209036)
keng@mzclaw.com
MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Specially Appearing for Defendants SUSAN BOND
and IRENE E. RUPERT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM T. RUPERT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SUSAN BOND, an individual; GILE R. DOWNES, ESQ., an individual; IRENE E. RUPERT, an individual; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., a Professional Corporation and DOES 1 to 20,<br><br>　　　　　　Defendants. | CASE No. 5:09-cv-02758 JF (RS)<br><br>**DEFENDANTS' NOTICE OF MOTION AND JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (FRCP 12(b)(2))**<br><br>Date:   January 8, 2010<br>Time:  9:00 a.m.<br>Dept:   Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel<br><br>Action Filed:       July 22, 2009 |

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

**Page**

STATEMENT OF COURT ACTION REQUESTED ................................................................... 1

STATEMENT OF ISSUES ........................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 3

I. STATEMENT OF RELEVANT FACTS ......................................................................... 3

    A. Defendant Downes Lacks Connections To California .......................................... 3

        1. Defendant Downes Generally Lacks Connections With California ............ 3

        2. Defendant Schulte Anderson Downes Aronson & Bittner, P.C. Generally Lacks Connections To California ................................................ 4

    B. Defendants Susan Bond and Irene Rupert Have No Jurisdictional Contacts With California ........................................................................................................ 5

II. LEGAL ARGUMENT ....................................................................................................... 6

    A. Plaintiff Has Not, and Cannot, Meet His Burden of Establishing Personal Jurisdiction Over the Defendants ........................................................................... 6

    B. Neither Downes Nor Schulte Anderson Possesses Sufficient Minimum Contacts With California To Permit The Exercise Of General Or Specific Personal Jurisdiction In The State .......................................................................... 7

        1. Downes And Schulte Anderson's Infrequent Participation In California-Related Activities Do Not Constitute Sufficient Contacts With California To Create General Personal Jurisdiction .......................... 7

        2. Downes And Schulte Anderson's Correspondence With Plaintiff Concerning Their Representations of Mrs. Rupert Do Not Support Specific Personal Jurisdiction ................................................................... 8

    C. Ms. Bond and Mrs. Rupert Are Not Subject To Personal Jurisdiction In California ............................................................................................................. 10

III. CONCLUSION ............................................................................................................... 11

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

i     CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

**Page(s)**

## **CASES**

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*
  1 F.3d 848 (9th Cir. 1993) ................................................................................................. 7

*Bauman v. DaimlerChrysler Corp.*,
  579 F.3d 1088 (9th Cir. 2009) ......................................................................................... 10

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ......................................................................................... 11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ................................................ 11

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ........................................................................................... 10

*Edmonds v. Superior Court (Ronson)*
  24 Cal. App. 4th 221 (Cal. Ct. App. 1994) ....................................................................... 9

*Gator.com Corp. v. L.L. Bean, Inc.*,
  341 F.3d 1072 (9th Cir. 2003) ........................................................................................... 7

*Glencore Grain Rotterdam, B.V. v. Shivnath Rai Harnarain Co.*,
  284 F.3d 1114 (9th Cir. 2002) ......................................................................................... 11

*Gray & Co. v. Firstenberg Machinery Co., Inc.*,
  913 F.2d 758 (9th 1990) .................................................................................................. 10

*International Shoe Co. v. Washington*
  326 U.S. 310 (1945) .......................................................................................................... 6

*Kendall v. Oversees Development Corp.*
  700 F.2d 536 (9th Cir. 1983) ............................................................................................. 6

*Lake v. Lake*
  817 F.2d 1416 (9th Cir. 1987) ........................................................................................... 6

*Pennoyer v. Neff*
  95 U.S. 714 (1877) ............................................................................................................ 6

*Ruhrgas AG v. Marathon Oil Co.*
  526 U.S. 574 (1999) .......................................................................................................... 6

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ................................................................................... 7, 8, 9

*Sibley v. Superior Court*
  16 Cal.3d 442 (Cal. 1976) ................................................................................................. 8

*Terracom v. Valley Nat. Bank*
  49 F.3d 555 (9th Cir. 1995) ............................................................................................... 6

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

ii  CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*World-Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980)..................................................................................................................7

*Ziegler v. Indian River County*
   64 F.3d 470 (9th Cir. 1995)......................................................................................................6

## **STATUTES**

Cal. Code Civ. Proc. § 410.10.........................................................................................................6

## **RULES**

FED. R. CIV. P. 12(b)(2).............................................................................................................1, 2

DOCS\S5070-518\570716.V2

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

iii                                      CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2010 at 9:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jeremy Fogel, Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California, Defendants GILE R. DOWNES, ESQ., SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C. ("Schulte Anderson"), SUSAN BOND, and IRENE E. RUPERT (collectively "Defendants") will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(2), for an order dismissing this action on the ground that the Court lacks personal jurisdiction over Defendants. Defendants' motion is based on this Notice of Motion and Joint Motion, the Memorandum of Points and Authorities, and the Declarations of Gile Downes, Susan Bond, and Irene E. Rupert, filed and served herewith, as well as the papers, records and pleadings on file herein and such further evidence as may be presented at the hearing of said motion.

## STATEMENT OF COURT ACTION REQUESTED

Plaintiff WILLIAM T. RUPERT ("Plaintiff") is attempting to hale the Defendants, all of them non-California residents, into this jurisdiction. However, personal jurisdiction is lacking as to each Defendant, and Plaintiff has not, and cannot, establish that personal jurisdiction exists. No traditional bases for personal jurisdiction exist. None of the Defendants was personally served in California, is domiciled in California, or consents to service in this State. None of the Defendants maintains any jurisdictional contacts with California. Downes is an Oregon resident, licensed to practice law only in Oregon, and a partner of Schulte Anderson, a small law firm incorporated in and with its principal place of business in Oregon. No Schulte Anderson attorney, including Downes, has ever solicited or advertised for business in California or represents clients regarding California law in any jurisdiction, including in California. Ms. Bond and Mrs. Rupert likewise have no contacts with the forum. They are both Oregon residents, and do not live, work, or transact any business in California. The only connection they have is the fact that Plaintiff (Ms. Bond's brother and Ms. Rupert's son) has chosen to live here and decided to sue them in California.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1     CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Indeed, this action arises out of conduct that occurred entirely outside of California. Plaintiff is complaining of Downes' legal representation of Mrs. Rupert regarding her estate planning and the trust of her late husband, Samuel J. Rupert. Mr. Rupert resided in Michigan at the time the trust originated, but moved to Oregon with Mrs. Rupert, where he resided until his death. Downes has, in the discharge of his duties to Mrs. Rupert, sent mail to Plaintiff in California concerning his parents' estates. Other than this incidental conduct, there were no contacts with California.

Accordingly, Defendants respectfully request that this Court grant their motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2).

**STATEMENT OF ISSUES**

(1) Whether the Court may assert personal jurisdiction over Defendants on traditional bases, in spite of the lack of personal presence, domicile, or consent to service in the state by both Downes and Schulte Anderson.

(2) Whether the Court may assert personal jurisdiction over Defendants based on general jurisdiction, even though: (a) no attorney at Schulte Anderson, including Downes, has advertised for or solicited business in California, or represented clients on California law or in California courts; and (b) Ms. Bond and Mrs. Rupert are Oregon residents who have never owned property, done business, or otherwise maintained any meaningful presence or contacts in California.

(3) Whether the Court may assert personal jurisdiction over Defendants based on specific jurisdiction, where Downes' only California "contacts" are his communications to Plaintiff made on behalf of his Oregon client in connection with her Oregon estate planning and her administration as trustee of her deceased Oregon resident husband's trust, which was created in Michigan, and Ms. Bond's and Mrs. Rupert's only connection to the subject matter of this litigation is through these estate matters.

///
///
///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2  CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

### A. Defendant Downes Lacks Connections To California

This action arises out of Downes' representation of his 91-year old client, Irene Rupert, in Oregon, regarding her estate planning and the administration of her late husband's Oregon trust. Plaintiff appears to be disappointed with his mother's services as trustee of her late husband's trust and with her own estate planning. (FAC, ¶¶ 43 – 79.) He acknowledges that both his mother and sister live in Oregon, that the trust at issue was originally prepared in Michigan and that the trust was later administered in Oregon after his parents moved to that state. (FAC, ¶¶ 4-6.) He also acknowledges, as he must, that Downes and Schulte Anderson represent Mrs. Rupert regarding her role as the trustee of her late husband's trust, and provide advice regarding her own Oregon estate. (Declaration of Gile R. Downes ("Downes Decl.") ¶18; FAC, ¶¶ 66, 78.)

Downes is the only Schulte Anderson attorney who has represented Irene Rupert. (Downes Decl., ¶20.) Downes has sent correspondence to Plaintiff in California that relates to the rights and obligations of his Oregon client under Oregon law. (Downes Decl., ¶¶ 21, 22.) He has not traveled to California for a deposition, interview, or any purpose in connection with this case. (Downes Decl., ¶22.)

None of the potential witnesses in this case are located in California. (Downes Decl., ¶23.) The Defendants are all Oregon residents. The only other potential witnesses are Michigan residents - James Rupert, Plaintiff's brother, and Alan E. Price, the attorney who originally prepared the estate plan for Plaintiff's parents. (Downes Decl., ¶23.)

#### 1. Defendant Downes Generally Lacks Connections With California

Downes was served with the First Amended Complaint in this action in Oregon and has not consented to jurisdiction in California. (Downes Decl., ¶2.) Downes has been a resident of Oregon since 1969, the year he moved there after graduating from law school. (Downes Decl., ¶3.) That same year, he joined the Oregon State Bar Association and began his practice of law. (Downes Decl., ¶3.) In 1974, Downes joined Schulte Anderson's predecessor law firm as an attorney, and has been a partner or shareholder with the firm since 1977. (Downes Decl., ¶4.) He

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3  CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  has never been admitted to the State Bar of California and has never practiced law in the State of
2  California. (Downes Decl., ¶5.) Downes' law practice is limited to representing clients in
3  Oregon and is focused on real estate, business and estate planning. (Downes Decl., ¶6.)

4  Downes has not and does not solicit or advertise for business in California. (Downes
5  Decl., ¶7.) Other than this case, Downes has never been a plaintiff or defendant in litigation
6  pending in any court in California, has never appeared before a California court on behalf of a
7  client, or ever opined on or counseled a client concerning California law. (Downes Decl., ¶8.)
8  Downes resides in Oregon and intends to remain there permanently; he is domiciled in Oregon.

**2. Defendant Schulte Anderson Downes Aronson & Bittner, P.C. Generally Lacks Connections To California**

11  Schulte Anderson was served with the First Amended Complaint in Oregon and does not
12  consent to jurisdiction in California. (Downes Decl., ¶10.) Schulte Anderson is an Oregon
13  professional corporation with its principal place of business located at 811 SW Naito Parkway,
14  Suite 500 in Portland, Oregon. (Downes Decl., ¶9; Complaint ¶ 7.) The firm was founded in
15  Portland in 1909 and has maintained its office in that city ever since. (Downes Decl., ¶11.)
16  Schulte Anderson does not and has never maintained an office outside of Portland, Oregon.
17  (Downes Decl., ¶12.) Each of Schulte Anderson's nine attorneys is a resident of and licensed to
18  practice law in Oregon. (Downes Decl., ¶13.) Although two are also licensed to practice in
19  Washington and two are licensed to practice in Illinois, none of the nine attorneys is licensed to
20  practice in California. (Downes Decl., ¶13.) Schulte Anderson's practice relates primarily to
21  advising clients regarding Oregon and Washington law. (Downes Decl., ¶14.) It does not solicit
22  or advertise for business in California, and has not done so in the past. (Downes Decl., ¶15.)

23  Any Schulte Anderson contact with California relating to legal matters has been extremely
24  limited and sporadic. (Downes Decl., ¶16.) The contacts Schulte Anderson attorneys have had
25  with California have been limited to infrequent representation of a California client with respect
26  to cases pending in Oregon courts, an occasional referral of an existing client to counsel in
27  California to deal with California legal issues, or rare contacts with witnesses in California
28  regarding matters relevant to Oregon law and/or before courts in Oregon. (Downes Decl., ¶17.)

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4                                          CASE NO. 5:09-cv-02758 JF (RS)
DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  Such representations or contacts have not involved the interpretation or application of California
2  law. (Downes Decl., ¶17.) In regard to these limited contacts, no Schulte Anderson attorney has
3  appeared in any California courts. (Downes Decl., ¶17.) Schulte Anderson is incorporated in
4  Oregon and has its principal place of business there. It does not consent to jurisdiction in
5  California, nor has it ever done so in the past.

**B.  Defendants Susan Bond and Irene Rupert Have No Jurisdictional Contacts With California**

Susan Bond is Plaintiff's sister, and Irene Rupert is Plaintiff's mother. Neither Ms. Bond nor Mrs. Rupert has any jurisdictional contacts with California. They are currently Oregon residents, and at all relevant times have been Oregon residents. Ms. Bond has been a resident of Oregon since 2001. She works in Oregon part time as a design consultant, and has no plans for moving out of Oregon. (Declaration of Susan Bond ("Bond Decl.") ¶¶ 3-4.) She has never lived in California, never owned any property located in California, and has never worked or done business in California. (Bond Decl. ¶ 5.) Other than this lawsuit, she has never been a party to litigation in California. (Bond Decl. ¶ 6.) In fact, the only time she has been present in the state is on vacations, most recently during the last year when she was traveling with her grandson in San Diego. (Bond Decl. ¶ 7.)

Mrs. Rupert has never lived in or been a resident of California. (Declaration of Irene E. Ruper ("Rupert Decl.") ¶ 3.) She has been an Oregon resident since 2006. She had lived in Michigan since 1942 along with her late husband, where she worked part time as a nurse until her retirement in 1982. (Rupert Decl. ¶ 1.) After Mrs. Rupert and her husband both retired, they moved to Oregon to live closer to their daughter, Ms. Bond. (Rupert Decl. ¶ 4.) She has never owned any property in California, and has never worked or done business in California. (Rupert Decl. ¶ 5.) She has only traveled to California on vacation. The last time she did so was over 10 years ago, while visiting her son, the Plaintiff. (Rupert Decl. ¶ 6.) Further, the property in her late husband's estate is all in Oregon. None of it is in California. (Rupert Decl. ¶ 7.)

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5  CASE NO. 5:09-cv-02758 JF (RS)
DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## II. LEGAL ARGUMENT

### A. Plaintiff Has Not, and Cannot, Meet His Burden of Establishing Personal Jurisdiction Over the Defendants

Plaintiff bears the burden of establishing personal jurisdiction over the Defendants. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Personal jurisdiction in diversity cases is based upon the "long arm" statute of the state in which the court sits. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Accordingly, federal courts interpreting state "long arm" statutes must follow the decisions of the state's highest court. *See Kendall v. Oversees Development Corp.*, 700 F.2d 536 (9th Cir. 1983). California's long arm statute provides jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc., § 410.10. "Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff cannot establish personal jurisdiction over the Defendants. His attempt to hale them into this Court violates fundamental principles of personal jurisdiction. As described above, the Defendants are all non-residents, and have no jurisdictional contacts with California. The traditional bases for personal jurisdiction are not present.[1]

Moreover, the Defendants have insufficient minimum contacts with California for the Court to impose general or specific personal jurisdiction. *International Shoe Co. v. Washington*, 326 US 310, 316 (1945). The propriety of asserting specific jurisdiction "depend[s] on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

---

[1] Under *Pennoyer v. Neff*, there are three traditional bases for personal jurisdiction: service of process within the forum state; domicile within the forum state; and, consent to jurisdiction. 95 U.S. 714, 722 (1877). None of these three traditional bases is present in this case. Downes and Schulte Anderson were served with process in Oregon, not California.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6   CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**B. Neither Downes Nor Schulte Anderson Possesses Sufficient Minimum Contacts With California To Permit The Exercise Of General Or Specific Personal Jurisdiction In The State**

"General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990). The defendant's contacts with the forum State must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice and the relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit which is brought there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

**1. Downes And Schulte Anderson's Infrequent Participation In California-Related Activities Do Not Constitute Sufficient Contacts With California To Create General Personal Jurisdiction**

General personal jurisdiction arises when a defendant participates in activities in the forum state that are "substantial," or "continuous and systematic." Typically, general jurisdiction is limited to large companies doing a large amount of local business on a regular basis. *See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848 (9th Cir. 1993). The standard for establishing general jurisdiction is fairly high. "The contacts with the forum state must be of a sort that 'approximate physical presence.'" *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

Here, Downes is an Oregon attorney associated with a nine-person Oregon law firm. Schulte Anderson is an Oregon corporation with its principal place of business in Oregon. No Schulte Anderson attorney, including Downes, has ever represented clients regarding California law or in California courts. No Schulte Anderson attorney has solicited or advertised for business in California. Downes and the other attorneys of Schulte Anderson have had minimal and fleeting contacts with California. These contacts have included no more than: (1) irregular referral of existing clients with California legal issues to counsel in California; (2) irregular representation of California clients regarding Oregon law and before courts in Oregon; and (3) irregular contacts with witnesses in California regarding matters before courts in Oregon. These

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7   CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

contacts are not substantial, nor are they continuous and systematic.  Therefore, this Court lacks general personal jurisdiction over Downes or Schulte Anderson.

**2.    Downes And Schulte Anderson's Correspondence With Plaintiff Concerning Their Representations of Mrs. Rupert Do Not Support Specific Personal Jurisdiction**

The Ninth Circuit applies the following three-part test to determine whether it may assert specific jurisdiction over non-resident defendants:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities [; and] (3) [e]xercise of jurisdiction must be reasonable.

*Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997) (citation omitted). Considering what types of contact with the state give rise to specific personal jurisdiction, the California Supreme Court in *Sibley v. Superior Court* stated: "The mere causing of 'effect' in California . . . is not necessarily sufficient to afford a constitutional basis for jurisdiction; notwithstanding this 'effect' the imposition of jurisdiction may be 'unreasonable.'" 16 Cal.3d 442, 446 (Cal. 1976). It went on: "There must be some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, and thus has invoked the benefits and protections of its laws." *Id.* at 446.

In *Sher v. Johnson*, California residents contacted and retained Florida attorneys to represent them in a Florida criminal matter. 911 F.2d 1357 (9th Cir. 1990). The Florida attorneys called their clients in California, wrote to them in California, accepted payments from them in the form of checks drawn on California banks, and traveled to California to meet with their clients. Nevertheless, the *Sher* court found that these types of contacts did not give rise to personal jurisdiction in California.

> Here, it is undisputed that a Florida law firm represented a California client in a criminal proceeding in Florida.  As normal incidents of this representation the partnership accepted payment from a California bank, made phone calls and sent letters to California.  These contacts, by themselves, do not establish purposeful availment; this is not the deliberate creation of a "substantial connection" with California [citation omitted] nor is it

8                                          CASE NO. 5:09-cv-02758 JF (RS)

> the promotion of business within California. For one thing, the business that the partnership promoted was legal representation in Florida, not California. Moreover, the partnership did not solicit Sher's business in California; Sher came to the firm in Florida. There is no "substantial connection" with California because neither the partnership nor any of its partners undertook any affirmative action to promote business within California.

*Id.*

Similarly, in ***Edmonds v. Superior Court (Ronson)***, a California Court found that the actions of a nonresident attorney representing a California resident in an out-of-state action, did not establish purposeful availment of California law. 24 Cal.App.4th 221, 234 (1994). In ***Edmonds***, a California resident hired a Hawaii attorney to represent him in a Hawaii action. *Id.* at 234. The Hawaii attorney participated in telephone calls to and from California, wrote letters to California, accepted payment from California and even attended his client's deposition in California. *Id.* The court found that this activity did not establish purposeful availment of the benefits and protections of California law. *Id.*

Here, Defendants have not purposefully availed themselves of California law. Downes and Schulte Anderson's extremely limited contacts with the State of California are even more attenuated than those of the attorneys in ***Sher*** and ***Edmonds***. Downes, an Oregon attorney and resident, represents Irene Rupert, another Oregon resident, in regard to her Oregon estate and the trust of her late husband. None of these persons, trust or estate pertains to California. Downes and Schulte Anderson's sole "contact" with California in this matter is the exchange of written correspondence with Plaintiff, regarding Downes' legal representation of Mrs. Rupert in Oregon affairs. Plaintiff is not a client of Downes or any other attorney at Schulte Anderson. No attorney from Schulte Anderson has traveled to California for any reason in connection with the work being done for Mrs. Rupert. Downes provided no legal service to Plaintiff or anyone in California in relation to this matter. Other than Downes, no lawyer at Schulte Anderson performed any work for on behalf of Mrs. Rupert.

Further, Plaintiff's claims do not arise out of Defendants' California forum-related activities. Defendants, in fact, have not had any California forum-related activities. The gist of Plaintiff's First Amended Complaint is that Downes and Schulte Anderson exploited Mrs. Rupert

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9   CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1   by engaging in an illegal conspiracy with Ms. Bond to make Mrs. Rupert execute new and

2   drastically different estate planning documents against her best interests.  In other words, the

3   allegation is that Plaintiff, a California resident, was damaged because an Oregon attorney

4   conspired with an Oregon resident to exploit another Oregon resident regarding her estate.  This

5   alleged activity relates to purposeful availment of Oregon law, not California.

6        Finally, exercise of jurisdiction in California would be unreasonable and unduly

7   burdensome for Downes and Schulte Anderson.  *Gray & Co. v. Firstenberg Machinery Co., Inc.*,

8   913 F.2d 758, 760-61 (9th 1990) (Reasonableness determined by several factors including the

9   plaintiff's interests in the forum, the burden on the defendant to defend the suit in the chosen

10  forum, the forum state's interest in the dispute, and the location of the witnesses who would

11  testify).  California has no interest in the litigation; the events that allegedly give rise to Plaintiff's

12  complaints did not occur in California; they occurred in Oregon and Michigan.  None of the

13  potential witnesses or evidence relating to this case, except for Plaintiff, is located in California;

14  they are located in Oregon and Michigan.  It would be an undue burden for Downes and Schulte

15  Anderson to litigate in California, a state in which they do not reside or work.

16       Because Downes and Schulte Anderson did not purposefully avail themselves of the

17  privileges of California's legal system, this claim does not arise from any activity based in

18  California, and exercise of jurisdiction would be unreasonable, this Court lacks specific personal

19  jurisdiction over Downes and Schulte Anderson.

20       **C.  Ms. Bond and Mrs. Rupert Are Not Subject To Personal Jurisdiction In California**

21

22       The analysis set forth above applies equally to Ms. Bond and Mrs. Rupert.  There is no

23  basis for general jurisdiction against them because neither of them conducted "'activities in the

24  forum [that] are substantial, continuous and systematic . . . .'"  *Bauman v. DaimlerChrysler*

25  *Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 923

26  (9th Cir. 2001)).  Their connections to California are isolated at best, and do not approximate

27  physical presence as is required to establish general jurisdiction.  *See Gator.com*, 341 F.3d at

28  ///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10      CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1076. Because of their lack of activities in California, they cannot be haled into court in the state on this theory.

Further, there is no basis for haling Ms. Bond and Mrs. Rupert into this Court on the theory of specific jurisdiction. Plaintiff cannot demonstrate that the three-part test for specific jurisdiction is satisfied. Neither Ms. Bond nor Mrs. Rupert has conducted any business in California. Thus, they cannot be said to have purposefully availed themselves of the privileges of doing business in California, nor have they "'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" **Boschetto v. Hansing**, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher*, 911 F.2d at 1362).

Because the first step fails, it is unnecessary to discuss the remaining elements. *Id.* (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). Nevertheless, the remaining two factors are addressed briefly. Because Ms. Bond and Mrs. Rupert have undertaken no activities in the forum, it is readily apparent that the claim does not arise out of any such conduct. Thus, the second part of the test is not satisfied. Finally, given the lack of contact with California, exercising personal jurisdiction over Ms. Bond and Mrs. Rupert would violate fair play and substantial justice. Indeed, the sole contact with California, Plaintiff's decision to live in the state, does not provide a sound jurisdictional basis. It is fundamental that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." ***Glencore Grain Rotterdam, B.V. v. Shivnath Rai Harnarain Co.***, 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Exercising jurisdiction over Ms. Bond and Mrs. Rupert would violate these principles.

### III. CONCLUSION

Plaintiff cannot establish personal jurisdiction over any of the Defendants. The Defendants were not served with process in California, are not domiciled in California, and have not consented to jurisdiction in California. None of the Defendants has sufficient minimum contacts with California to permit the exercise of general or specific personal jurisdiction.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

11     CASE NO. 5:09-cv-02758 JF (RS)

DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  Further, the exercise of jurisdiction over Defendants would be unreasonable.  Because this Court
2  lacks personal jurisdiction over the Defendants, they respectfully request this Court dismiss this
3  action.

| | |
|---|---|
| Dated:  November 4, 2009 | LONG & LEVIT LLP |
| | By   /s/ Jessica R. MacGregor<br>JOSEPH P. McMONIGLE<br>JESSICA R. MacGREGOR<br>JOHN S. HONG<br>Specially Appearing for Defendants<br>GILE R. DOWNES, ESQ. and<br>SCHULTE, ANDERSON, DOWNES,<br>ARONSON & BITTNER, P.C. |
| Dated:  November 4, 2009 | MARKUN ZUSMAN & COMPTON LLP |
| | By   /s/ Kevin K. Eng<br>EDWARD S. ZUSMAN<br>KEVIN K. ENG<br>Specially Appearing for Defendants<br>SUSAN BOND and IRENE E. RUPERT |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

12                          CASE NO. 5:09-cv-02758 JF (RS)
DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION