JOSEPH P. MCMONIGLE  State Bar #66811
JESSICA R. MACGREGOR State Bar #168777
JOHN S. HONG  State Bar #255150
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222
FAX: (415) 397-6392
Email:       jmcmonigle@longlevit.com
                 jmacgregor@longlevit.com
                 jhong@longlevit.com

Specially Appearing for Defendants
GILE R. DOWNES, ESQ. and SCHULTE,
ANDERSON, DOWNES, ARONSON & BITTNER,
P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM T. RUPERT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>SUSAN BOND, an individual; GILE R. DOWNES, ESQ., an individual; IRENE E. RUPERT, an individual; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., a Professional Corporation and DOES 1 to 20,<br><br>             Defendants. | CASE No. 5:09-cv-02758 JF (RS)<br><br>**DECLARATION OF GILE R. DOWNES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2))**<br><br>Date:  January 8, 2010<br>Time:  9:00 a.m.<br>Dept:  Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel<br><br>Action Filed:       July 22, 2009 |

I, Gile R. Downes, declare:

1.      This declaration is submitted in support of the Motion to Dismiss for Lack of Personal Jurisdiction of Defendants GILE R. DOWNES and SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C. (collectively "Defendants").  I have personal knowledge of all facts set forth in this declaration and, if called upon to testify as a witness, could and would competently testify thereto.

2.      I was served with the First Amended Complaint in this action in Oregon and have not consented to jurisdiction in California.

1    CASE NO. 5:09-cv-02758 JF (RS)
LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222
DECLARATION OF GILE R. DOWNES ISO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

3. I have been a resident of Oregon since 1969, the year I moved to Oregon after graduating from law school. The same year, I joined the Oregon State Bar Association and began the practice of law in Portland, Oregon.

4. In 1974, I joined Davis, Jensen, DeFrancq & Holmes, Schulte Anderson's predecessor law firm, as an attorney and have been associated with the firm or its successor as partner, shareholder or employee since then.

5. I have never been admitted to the State Bar of California and have never practiced law in the State of California.

6. My law practice is limited to representing clients in Oregon and is focused on real estate, business and estate planning and settlement.

7. I have not and do not solicit or advertise for business in California.

8. Other than this case, I have never been a plaintiff or defendant in litigation pending in any court in California, have never appeared before a California court on behalf of a client, or ever opined on or counseled a client concerning California law.

9. Schulte Anderson or its predecessor is an Oregon professional corporation with its principal place of business located at 811 SW Naito Parkway, Suite 500 in Portland, Oregon.

10. Schulte Anderson was served with the First Amended Complaint in Oregon and does not consent to jurisdiction in California.

11. Schulte Anderson was founded in Portland in 1909 and has maintained its office in that city ever since.

12. Schulte Anderson does not and has never maintained an office outside of Portland, Oregon.

13. Each of Schulte Anderson's nine attorneys is a resident of and licensed to practice law in Oregon. While two attorneys at Schulte Anderson are also licensed to practice in Washington and two are licensed to practice in Illinois, none of the nine attorneys is licensed to practice in California.

14. Schulte Anderson's practice relates to advising clients regarding Oregon or Washington law.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2        CASE NO. 5:09-cv-02758 JF (RS)
DECLARATION OF GILE R. DOWNES ISO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

15. Schulte Anderson does not solicit or advertise for business in California, and has not done so since I have been associated with the firm.

16. No Schulte Anderson attorney has practiced or currently practices law in California or advises clients regarding the application of California law.

17. In May 2009, Irene Rupert, wife of the late Samuel J. Rupert, retained me as counsel to advise her regarding her own estate planning and her role as administrator of her late husband's trust.

18. I have never represented Plaintiff, who is the only party in this action with any connection to California. No other attorney associated with Schulte Anderson has ever represented Plaintiff.

19. I am the only Schulte Anderson attorney who has represented Irene Rupert.

20. The work I performed for Mrs. Rupert concerns her late husband's trust, her personal estate planning and her rights and duties under Oregon law.

21. I have sent correspondence to Plaintiff in California that relates to the rights and obligations of my Oregon client and her and her late husband's trust. I have not traveled to California for a deposition, interview, or any purpose in connection with this case.

22. None of the potential witnesses in this case is located in California. They include: Oregon residents - Irene Rupert and Susan Bond, Plaintiff's mother and sister, respectively, and possibly lawyers associated with Schulte Anderson; and Michigan residents - James Rupert, Plaintiff's brother, and Alan E. Price, the attorney who originally prepared the estate plans for Plaintiff's parents.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated: November _3__, 2009        By        /s/ Gile R. Downes
                                            GILE R. DOWNES

DOCS\S5070-518\570495.V2

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3                    CASE NO. 5:09-cv-02758 JF (RS)
DECLARATION OF GILE R. DOWNES ISO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION