JOSEPH P. MCMONIGLE, State Bar #66811
JESSICA R. MACGREGOR, State Bar #168777
JOHN S. HONG, State Bar #255150
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        jmcmonigle@longlevit.com
              jmacgregor@longlevit.com
              jhong@longlevit.com

Specially Appearing for Defendants
GILE R. DOWNES, ESQ. and SCHULTE,
ANDERSON, DOWNES, ARONSON & BITTNER,
P.C.

Edward S. Zusman (SBN 154366)
ezusman@mzclaw.com
Kevin K. Eng (SBN 209036)
keng@mzclaw.com
MARKUN ZUSMAN & COMPTON, LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

Specially Appearing for Defendants SUSAN BOND
and IRENE E. RUPERT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM T. RUPERT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN BOND, an individual; GILE R. DOWNES, ESQ., an individual; IRENE E. RUPERT, an individual; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., a Professional Corporation and DOES 1 to 20,<br><br>Defendants. | CASE No. 5:09-cv-02758 JF (RS)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2))**<br><br>Date: January 8, 2010<br>Time: 9:00 a.m.<br>Dept: Courtroom 3, 5th Floor<br><br>Judge:         Hon. Jeremy Fogel<br>Action Filed:  July 22, 2009 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 465
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. 5:09-CV-02758 JF (RS)

DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF REMAINING ISSUES.............................................................................2

III. LEGAL ARGUMENT .............................................................................................................2

    A. Defendants Correctly Cite and Apply The Law Regarding Specific Personal Jurisdiction ................................................................................................2

    B. Plaintiff Has Failed to Make a Prima Facie Showing of Personal Jurisdiction By Relying On Unsupported Allegations Rather Than Evidentiary Facts...................................................................................................4

    C. Plaintiff's Cited Cases Do Not Controvert the Fact That Defendants' Telephonic and Written Correspondence to Plaintiff Do Not Constitute Sufficient Contacts For Purposes of Asserting Specific Jurisdiction.......................5

    D. The Court Should Deny Plaintiff Leave to Amend Because He Has No New Facts, And The Proposed Facts Would Be Subject To Dismissal Again ...............................................................................................................................8

    E. Plaintiff's Groundless Threats of Rule 11 Sanctions Are Unwarranted And Should Be Rejected ...........................................................................................9

IV. CONCLUSION.........................................................................................................................9

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 465
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. 5:09-CV-02758 JF (RS)

DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

Page

**CASES**

*C & H Development Co. v. McIvor*, No. C-96-00912 MHP, 1996 U.S. Dist. LEXIS 12029 (N.D. Cal. Aug. 6, 1996) ................................................................. 7

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................ 2

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) ....................... 8

*Data Disc., Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ............................................................................................................................ 4

*Doe v. Geller*, 533 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................... 8

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ....................................... 6

*Edmunds v. Sup. Ct.,* 24 Cal.App.4th 221 (1994) ................................................. 1, 3, 7

*Hanson v. Denckla*, 357 U.S. 235 (1958) ..................................................................... 3

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) ............................................................................................................. 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .................. 3

*Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994) .............................................................. 8

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) ............................................... 3

*Kulko v. Sup. Ct.*, 436 U.S. 84 (1978) ........................................................................ 2, 3

*Lese Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504 (9th Cir. 1989) ............................................................................................................................ 9

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007) .......................................................... 8

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) .................... 4

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) ............................................... 8

*Sarkis v. Lajcak*, No. C-08-01911 RMW, 2009 U.S. Dist. LEXIS 95971 (N.D. Cal. Oct. 15, 2009) ...................................................................................................... 8

*Saul v. United States*, 928 F.2d 829 (9th Cir. 1991) .................................................... 8

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .................. 2

*Sher  v. Johnson*
   911 F.2d 1357 (9th Cir. 1990) ............................................................................ 1, 6, 7

*Shermoen v. United States*, 982 F.2d 1312 (9th Cir. 1992) ......................................... 8

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

1                                           CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

**Page**

*Sibley v. Sup. Ct.*, 16 Cal.3d 442 (1976) ...................................................................................... 3

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) .................................................. 3

*Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199
   (9th Cir. 2006) ............................................................................................................................ 5

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

2    CASE NO. 5:09-CV-02758 JF (RS)

DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

In Plaintiff's own words, "[a]t its core, this case is an inheritance related, sibling rivalry squabble, between two of the three adult children of an elderly couple." (Opposition, 2:18-21.) The inheritance to which Plaintiff is claiming entitlement was established pursuant to wills and trusts created in Michigan and modified in Oregon, by an elderly couple who resided in Michigan and Oregon, not California. Plaintiff is attempting to wrest the estate from his nonagenarian mother. Not content with suing his own mother, Plaintiff, who is apparently the only one "of the three adult children" who has seen the need to sue their mother, has brought suit against other parties, including his sister, and an Oregon lawyer and his Oregon law firm, neither of whom conducts business in California. The only connection this matter has to California is the fact that Plaintiff lives in the State and received correspondence there concerning his parents' estates in Oregon. The fact that Defendants were forced to communicate with Plaintiff regarding Oregon trusts by calling or sending letters to California does not establish their purposeful availment of the laws of California. These limited communications cannot form the basis for personal jurisdiction. In *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) and *Edmunds v. Sup. Ct.,* 24 Cal.App.4th 221 (1994), there was no personal jurisdiction over the attorney defendants, even though during the course of their representation, they had conducted significant amounts of work, and were physically present, in California. The outcome should be no different here where the dispute that gives rise to this litigation relates to Oregon estates, and each of the Defendants' connection to California are more attenuated than those that were present in the above cited cases.

What is more, although it is his burden to establish jurisdiction, Plaintiff has failed to refute the jurisdictional facts that the Defendants have offered, showing that there is no personal jurisdiction over them. Plaintiff's opposition is riddled with unsubstantiated *arguments* largely duplicating the First Amended Complaint ("FAC") but no evidentiary facts that support his speculative argument that Defendants have additional contacts with California.

Defendants in this action simply do not have sufficient contacts with the State of California to subject them to personal jurisdiction in this State. For this reason, this motion to dismiss must be granted and Plaintiff's complaint must be dismissed with prejudice.

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

1                           CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  Finally, Plaintiff's unfounded accusations that Defendants' counsel violated Rule 11 fall
2  flat. The positions advanced by Defendants are not merely colorable; they are meritorious.
3  Plaintiff's brandishing of Rule 11 threats reflects a course of conduct through which he has
4  attacked his own family members, along with any and all of their representatives, but his threat is
5  unsustainable. Plaintiff's subjective views and opinions do not support his claims, and certainly
6  do not warrant imposition of sanctions.

## II. STATEMENT OF REMAINING ISSUES

Because Plaintiff concedes that the Court may not assert personal jurisdiction over Defendants on traditional bases and on the basis of general jurisdiction, the sole issue is whether the Court may assert personal jurisdiction over Defendants based on specific jurisdiction, where these Oregon Defendants' only California "contacts" are communications made to Plaintiff regarding his parents' wills and estates, originally created in Michigan and amended in Oregon.

## III. LEGAL ARGUMENT

### A. Defendants Correctly Cite and Apply The Law Regarding Specific Personal Jurisdiction

In a diversity action, such as this case, the question of whether the court may exercise specific personal jurisdiction over a non-resident turns on a three-prong test: (1) whether the non-resident defendant performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) whether the claim arises out of or relates to the defendant's forum-related activities; and (3) whether the exercise of jurisdiction comports with fair play and substantial justice, i.e., reasonableness. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

Plaintiff mistakenly takes issue with the first prong of the test, arguing that the Court must analyze the purposeful availment element with the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984). This is not the law. The "effects" test is actually derived from the American Law Institute's *Restatement (Second) of Conflict of Laws* § 37 and is not binding on the court. *Kulko v. Sup. Ct.*, 436 U.S. 84 (1978).

///

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

2   CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  In fact, in a case with substantially similar facts, a court stated that "[t]he mere causing of 'effect' in California, . . . is not necessarily sufficient to afford a constitutional basis for jurisdiction; notwithstanding this 'effect' the imposition of jurisdiction may be 'unreasonable.'" *Edmunds v. Sup. Ct.,* 24 Cal.App.4th 221, 230 (1994) (where non-resident attorneys were sued for fraud, interference with prospective economic advantage and/or contractual relations, and conspiracy, arising out of legal representation the attorney provided to a California resident in an underlying litigation); see also *Sibley v. Sup. Ct.*, 16 Cal.3d 442, 446 (1976) ("The mere causing of 'effect' in California . . . is not necessarily sufficient to afford a constitutional basis for jurisdiction."). Rather, "there must be some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, and thus has invoked the benefits and protections of its laws." *Edmunds,* 24 Cal.App.4th at 230.

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts (*Keeton v. Hustler Magazine, Inc.*, 465 U.S., 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980)) or of the "unilateral activity of another party or a third person." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Applying this principle, the Supreme Court has held that the Due Process Clause forbids the exercise of personal jurisdiction over a divorced husband sued for child-support payments whose affiliation with the forum was created by his former spouse's decision to settle there. *Kulko,* 436 U.S. 84. The Court has also held that a court may not assert personal jurisdiction over a trustee whose only connection with the forum resulted from the settlor's decision to exercise her power of appointment there. *Hanson v. Denckla*, 357 U.S. 235 (1958).

Here, as the motion shows, Defendants have not purposefully availed themselves of the privileges of conducting activities in California because their contacts with California are fortuitous and attenuated. Like the divorced husband in *Kulko*, Defendants' only contact with California is due to Plaintiff's residence here. Similar to the settlor in *Hanson* who exercised her power of appointment in the forum state, Downes and Schulte Anderson requested that Plaintiff notarize a document in California, obviously as a matter of convenience, regarding an Oregon

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

3  CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1 Trust. The law cannot have intended to hale all trustees, trustors and their legal representatives to
2 a foreign jurisdiction simply because one beneficiary happens to reside in that state. Defendants'
3 contact with California is far too attenuated to constitute purposeful availment. The motion to
4 dismiss for lack of personal jurisdiction should be granted.

### B. Plaintiff Has Failed to Make a Prima Facie Showing of Personal Jurisdiction By Relying On Unsupported Allegations Rather Than Evidentiary Facts

Plaintiff bears the burden of proof on the necessary jurisdictional facts; e.g., the existence of minimum contacts between defendants and the forum state. ***Rio Properties, Inc. v. Rio Int'l Interlink***, 284 F.3d 1007, 1019 (9th Cir. 2002). Plaintiff must provide a prima facie showing of personal jurisdiction, i.e., produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. ***Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.***, 328 F.3d 1122, 1129 (9th Cir. 2003). Admissible, competent evidence in the form of declarations or discovery materials is required; the court cannot assume the truth of allegations in a pleading that is contradicted by Defendants' declaration. ***Data Disc., Inc. v. Systems Technology Assocs., Inc.***, 557 F.2d 1280, 1289, fn 5 (9th Cir. 1977).

Plaintiff has failed to meet the burden of proving a prima facie case regarding specific jurisdiction over Defendants. As Defendants' Objections to Plaintiff's Evidence demonstrates, Plaintiff's declaration is riddled with irrelevant hearsay and conclusions supported largely by the allegations in Plaintiff's First Amended Complaint, rather than evidentiary facts. Plaintiff has provided no evidentiary facts, in the form of authenticated exhibits, to support his contention that Mrs. Rupert and Bond communicated with him in California. As a matter of fact, Plaintiff solely relies on hearsay in his FAC to demonstrate their minimum contacts with the State. Further, the only evidence Plaintiff has provided to assert personal jurisdiction over Downes and Schulte Anderson is the fact that Downes sent two letters to Plaintiff in California regarding his Oregon resident client's estate in Oregon. As noted below and in the moving papers, these are not sufficient minimum contacts. Where the unsupported allegations of the FAC cannot be squared with facts asserted in the declarations in support of Defendants' motion to dismiss, Defendants' evidentiary facts must prevail.

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

4   CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### C. Plaintiff's Cited Cases Do Not Controvert the Fact That Defendants' Telephonic and Written Correspondence to Plaintiff Do Not Constitute Sufficient Contacts For Purposes of Asserting Specific Jurisdiction

The cases Plaintiff cites in his opposition to support his theory that specific personal jurisdiction should be found in this Court are inapposite and easily distinguishable. In *Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006), the court analyzed three contacts to determine whether the foreign defendants were subject to personal jurisdiction in California: (1) the defendant's cease and desist letter sent to plaintiff Yahoo's headquarters in California; (2) service of process by defendants on plaintiff in California; and (3) two interim orders defendants procured against plaintiff in a foreign court, directing plaintiff to take permanent, time-intensive and sustained actions in California, such as making changes to and monitoring the contents of its website. The orders also subjected plaintiff to severe monetary penalties in the event it violated the orders. The court found that "[t]he first two contacts, taken by themselves, do not provide a sufficient basis for jurisdiction." *Id.* at 1208. Specifically, the court stated that "[a] cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter." *Id.* at 1208.

Here, the only evidence of contacts Plaintiff points to in support of his personal jurisdiction argument as to Downes and Schulte Anderson consists of two letters Downes sent to Plaintiff, on behalf of his Oregon client, Mrs. Rupert, which recommended Plaintiff to "stop attacking [Bond]," "stop making your allegations, accusations and demands" and "stop asking questions and making accusations." (Plaintiff's Exhibits 1 & 2 in Opposition to Defendants' Motion to Dismiss.) Downes did not direct Plaintiff to take time-intensive and sustained actions in California based on any order he procured in Oregon; Downes wanted nothing more than Plaintiff's notarized signature, as a beneficiary of the late Samuel J. Rupert's out-of-state trust, acknowledging changes Mrs. Rupert wanted to make, as the trustee of her late husband's trust, in Oregon. The letters simply alerted Plaintiff to the state of Oregon law and his mother's intent to make changes to her late husband's trust in Oregon. Plaintiff relies on the request for notarization as a jurisdictional basis, but cites no authority for this novel concept. A notarized signature does not have any lasting effect in California, and does not have the same effect as enforcing a

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

5     CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  judgment in California, as was the case in *Yahoo!*. *Id.* at 1206.  These limited communications,
2  like the cease and desist letter in *Yahoo!*, are not a sufficient basis for jurisdiction.

3        Indeed, Plaintiff's claims arise from the alleged misconduct in connection with estate
4  assets.  He is seeking damages "in excess of $300,000.00" that are made up of "disinheritance
5  damages of $291,665.00, plus lost successor trustee compensation since October 12, 2008, which
6  could have continued for years into the future."  (FAC, ¶¶ 108, 113.)  These damages arise from
7  actions that took place with respect to the family trusts and the estates of Plaintiff's parents.  The
8  communications upon which Plaintiff seeks to base jurisdiction are, at best, evidence of the
9  operative facts from which his claims arise.  However, it is evident that Plaintiff is not seeking
10 more than $300,000 in damages based merely on communications informing him of his mother's
11 actions in connection with her estate and the family trust.  The communications were at best
12 incidental to the operative conduct, and do not support jurisdiction.  *Sher*, 911 F.2d at 1363.

13       Plaintiff's reliance on *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) does
14 not support his position.  In *Dole*, the court analyzed numerous purposeful contacts that foreign
15 defendants made with California residents, including: (1) frequent communications, including
16 face to face meetings in California, specifically with regard to the defendants' scheme to defraud
17 plaintiff; (2) defendants' regular business trips to California; and (3) defendants' California bank
18 accounts.  Notably, the foreign defendants initiated the fraudulent communications for the
19 purpose of changing a particular distribution approach and defraud the California corporation in
20 the process.  By contrast, here, the communications do nothing more than reference conduct taken
21 with respect to the family trust and the estate.  Here, as noted in the motion, none of the
22 Defendants has business contacts with California nor do they make regular trips to the State.
23 None has a bank account in California.  Downes sent the two letters to Plaintiff, who happens to
24 be a California resident, with regard to his Oregon client's interest in making amendments, in
25 Oregon, to a trust created in Michigan.  Mrs. Rupert and Bond communicated with Plaintiff over
26 the telephone and via email, but all of their face-to-face meetings were in Oregon.  Indeed,
27 Plaintiff admits that he "usually traveled up to Portland, Oregon once or twice a year to visit and
28 attend family functions."  (FAC, ¶18.)  These communications regarding the family property were

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

6    CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

subsequent to, as Plaintiff admits, his letter writing and telephone calling campaigns toward his sister and mother in Oregon regarding his late father's will and estate. (FAC, ¶¶ 23, 58, 65, 66, 70, 72.) These limited communications are distinct from those in *Dole Foods*, and do not provide a basis for asserting personal jurisdiction over Defendants.

In any event, as articulated above, Plaintiff's evidence of Mrs. Rupert and Bond's contacts with California is inadmissible. (*See supra*, Section III.B.) Assuming, *arguendo*, their admissibility, telephone conversations and email messages regarding the estate, especially where they were made in response to Plaintiff's numerous, initiating requests, do not constitute minimum contacts for the Court to assert specific jurisdiction. See *C & H Development Co. v. McIvor*, No. C-96-00912 MHP, 1996 U.S. Dist. LEXIS 12029 (N.D. Cal. Aug. 6, 1996). In *McIvor*, also a case involving trust beneficiaries residing in different states, the non-California resident defendant participated in several phone calls discussing the distribution of trust assets with her brother, who lived in California. The defendant also derived some monetary benefits from the trust, which had been created in California under the California Probate Code. *Id.* at *8. The court found that these contacts were too attenuated to establish purposeful availment. The court found that the Defendant's phone calls with her brother and her mother's stockbroker, both of whom were in California, did not establish jurisdiction. *Id.* at *2-3, 10. The same result is warranted here, where Mrs. Rupert and Ms. Bond had even fewer contacts with the forum than the defendant in *McIvor*.

Plaintiff also fails to rebut the lack of jurisdiction under *Sher,* 911 F.2d 1357 and *Edmonds,* 24 Cal.App.4th 221, introduced in the moving papers. In both cases, out-of-state attorneys represented California residents in out-of-state matters, participated in telephone calls to and from California, wrote letters to California, and accepted payment from California. In one case, the attorney attended his client's deposition in California. Yet neither case found that these contacts established purposeful availment of California law for lack of a substantial connection with the state; the attorneys were promoting the economic well-being of their law firms in different states, along with the interests of its Oregon clients with an Oregon trust. Defendants' connection to California in the instant matter is more attenuated than the attorneys' connection in

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

7  CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  *Edmonds* or *Sher*. For these reasons, the Court should necessarily find that Defendants did not purposefully avail themselves of California for purposes of specific jurisdiction.

Finally, Plaintiff has failed to demonstrate that the exercise of personal jurisdiction would be reasonable under these circumstances. Plaintiff does not refute the fact that the only possible witness in California is Plaintiff himself. This fact weighs against personal jurisdiction. *See Sarkis v. Lajcak*, No. C-08-01911 RMW, 2009 U.S. Dist. LEXIS 95971, *15-17 (N.D. Cal. Oct. 15, 2009). Further, it is no surprise that Plaintiff find this forum to be more convenient. "'[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference.'" *Doe v. Geller*, 533 F. Supp. 2d 996, 1010 (N.D. Cal. 2008) (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir. 1991)). However, a plaintiff's convenience is given little weight. *Sarkis*, 2009 U.S. Dist. LEXIS 95971, at *17 (citing *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007); *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1490 (9th Cir. 1993)).

### D. The Court Should Deny Plaintiff Leave to Amend Because He Has No New Facts, And The Proposed Facts Would Be Subject To Dismissal Again

Leave to amend should be denied because Plaintiff knew or should have known when drafting both the original pleading or the FAC the facts on which he proposes the amendment, but failed to include them in either pleading. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Indeed, the document from which Plaintiff's "newly discovered" facts arise is the very document on which Plaintiff relied to draft the FAC. (FAC, ¶85.)

In addition, leave to amend should be denied because the proposed amendment would be futile and would be subject to dismissal again. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). As noted above and in the moving papers, adding the single fact that Downes requested Plaintiff to return the proposed Modification of Trust with Plaintiff's notarized signature in California does not rise to the realm of purposeful availment of California's laws. The Court has discretion to deny the motion to amend where it is clear that the proposed amendment does not correct the defect. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Indeed, as discussed above, the correspondence proffered by Plaintiff as evidence of his contemplated

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

8     CASE NO. 5:09-CV-02758 JF (RS)

DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  amendments will not support jurisdiction. Further, Plaintiff's other exhibits from the opposition,
2  a trust and a will, indicate that they were executed in Michigan, and are governed by Michigan
3  law. (Rupert Decl., Exhs. 4, 5.) Further, the Modification Of Trust document is governed by
4  Oregon law. (Rupert Decl., Exh. 2.) These new facts would not alter the jurisdictional analysis
5  set forth above.

   Accordingly, the Court should grant the motion to dismiss, without leave to amend.

### E. **Plaintiff's Groundless Threats of Rule 11 Sanctions Are Unwarranted And Should Be Rejected**

Finally, Plaintiff's conclusory accusation that Defendants' counsel violated Rule 11 is unsustainable. Rule 11 sanctions are only appropriate where no reasonable attorney could have found a factual or legal basis to support a position. ***Lese Shockley Racing, Inc. v. National Hot Rod Ass'n***, 884 F.2d 504, 510 (9th Cir. 1989). Plaintiff's sole support is his subjective opinion. His indiscriminate brandishing of the threat or Rule 11 sanctions should be rejected.

## IV. CONCLUSION

Here, Downes, an Oregon attorney an member of an Oregon law firm, Schulte Anderson, represented Oregon clients, Mrs. Rupert and Bond, on matters regarding estates created and amended under Michigan and Oregon law, respectively. The events that form the basis of the FAC did not occur in California, they occurred primarily in Michigan and Oregon. The communications Defendants sent to Plaintiff, who happens to live in California, do not rise to the level of purposeful availment of the benefits and protections of California law. Accordingly, Defendants request that their motion to dismiss be granted with prejudice.

Dated: December 23, 2009.   LONG & LEVIT LLP

By   /s/ Jessica R. MacGregor
JOSEPH P. MCMONIGLE
JESSICA R. MACGREGOR
JOHN S. HONG
Specially Appearing for Defendants
GILE R. DOWNES, ESQ. and
SCHULTE, ANDERSON, DOWNES,
ARONSON & BITTNER, P.C.

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

9   CASE NO. 5:09-CV-02758 JF (RS)
DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1 Dated: December 23, 2009 MARKUN ZUSMAN & COMPTON LLP

3 By /s/ Kevin K. Eng
    EDWARD S. ZUSMAN
4    KEVIN K. ENG
    Specially Appearing for Defendants
5    SUSAN BOND and IRENE E. RUPERT

LONG & LEVIT LLP
465 CALIFORNIAY STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

10  CASE NO. 5:09-CV-02758 JF (RS)

DEFTS.' REPLY ISO JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION