

WILLIAM T. RUPERT
P.O. Box 66403
Scotts Valley, CA 95067-6403
Phone: (831) 336-9520
Fax:     (831) 336-9528
Email: emfwtr@comcast.net

Plaintiff
Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM T. RUPERT, An individual, <br><br> Plaintiff, <br><br> vs. <br><br> SUSAN BOND, an individual; GILE R. DOWNES, ESQ., an individual; IRENE E. RUPERT, an individual; SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER, P.C., a Professional Corporation; and DOES 1 to 20, <br><br> Defendants. | <u>Civil Action No.: 5:09-cv-02758 JF (RS)</u> <br><br> **SURREPLY OF PLAINTIFF WILLIAM RUPERT TO "DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)]"** <br><br> Date:   January 8, 2010 <br> Time:   9:00 a.m. <br> Dept:   Courtroom 3, 5th Floor <br> Judge:  Hon. Jeremy Fogel <br><br> Action Filed:   June 22, 2009 |

1. **NO EVIDENTIARY HEARING HAS BEEN REQUESTED BY THE DEFENDANTS, OR SCHEDULED BY THE COURT, AND THE PLAINTIFF'S "PRIMA FACIE CASE" BURDEN, AT THIS TIME, IS MERELY TO DEMONSTRATE FACTS THAT IF TRUE WOULD SUPPORT JURISDICTION OVER THE DEFENDANTS**

As stated by the Plaintiff in his Opposition Memorandum, on page 19, line 24 to page 20, line 17, the hearing on this motion is NOT a trial on the merits, and the Plaintiff's burden to

present a "prima facie case" includes numerous presumptions which work to the advantage of a plaintiff, to ensure that the drastic remedy of dismissal is only utilized in situations where a plaintiff's theory of the case is itself defective and inadequate, assuming the truth of the uncontroverted matters alleged by the plaintiff. The Plaintiff's relevant discussion, which the Defendants lawyers appear not to have fully, or accurately, comprehended, includes the following comments:

> "As shown by the following case, the bar is set quite low for a plaintiff who encounters a motion to dismiss for lack of personal jurisdiction as a defendant's initial response to a federal lawsuit, as in the instant case.
>
>> "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). If the district court decides the motion without an evidentiary hearing, which is the case here, then 'the plaintiff need only make a prima facie showing of the jurisdictional facts.' *Id.* (citation omitted). Absent an evidentiary hearing this court 'only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.' *Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 127-28 (9th Cir. 1995). Uncontroverted allegations in the plaintiff's complaint must be taken as true. *See AT&T,* 94 F.3d at 588. 'Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.' *Schwarzenegger v. Fred Martin Co.,* 374 F.3d 797, 800 (9th Cir. 2004).
>> When no federal statute governs personal jurisdiction, the distict colurt applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process. *Id.* At 1320. 'For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."' *Schwarzenegger,* 374 F.3d at 801 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945))."
>> Boschetto v. Hansing
>>         (9th Cir. 2008) 539 F.3d 1011, 1016
>
> In the instant case, no evidentiary hearing has been requested by the Defendants, or set by the Court, so the favorable prima facie showing standards set forth above apply."
> (See Pltfs. Mem. Of Pts. & Auths. In Opp., page 19, line 24 to page 20, line 17)

Accordingly, the Defendants' voluminous "Objections to Evidence" and their voluminous (Proposed) Order on Objections, appear to be an entirely unnecessary blizzard of paper that has been generated by the Defendants for no good reason, based upon confusion, by the Defendants' lawyers, about the type of proceeding they have initiated with their Motion to Dismiss (wherein they chose to ignore the 15 separate paragraphs of the FAC, where the Defendants' California forum related contacts are set forth and discussed at length).

2. **NONE OF THE DEFENDANTS' DECLARATIONS CONTRADICTED THE ALLEGATIONS OF THE FAC'S 15 PARAGRAPHS THAT SET FORTH THE CALIFORNIA FORUM RELATED CONTACTS BY THE DEFENDANTS, OVER A 9 MONTH PERIOD OF TIME, SO THE COURT IS REQUIRED TO ASSUME THE TRUTH OF THESE ALLEGATIONS, FOR PURPOSES OF THIS MOTION TO DISMISS**

Of the Defendants' 23 separate objections, 18 of them are asserted on the basis of the following inaccurate reference and incomplete citation to case law authority:

> "Evidence of the contents of Plaintiff's First Amended Complaint ("FAC"), on which Plaintiff relies as in his opposition, is inadmissible because the court cannot simply assume the truth of allegations in a pleading. **Data Disc., Inc. v. Systems Technology Assocs., Inc.** 557 F.2d 1280, 1284 (9th Cir. 1977)."

However, the actual holding of the *Data Disc* Court (infra), was as follows:

> "If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)."
> Data Disc., Inc. v. Systems Technology Assocs., Inc.
> 557 F.2d 1280, 1284 (9th Cir. 1977)

In the instant case, the Defendants chose to submit declarations that failed to ever mention, discuss, controvert, deny or dispute the actual allegations of the FAC, where the defendants' forum-related activities and contacts with California are set forth in 15 separate Paragraphs (¶'s 21, 23, 42, 45, 47, 55, 68, 69, 74, 78, 80, 81, 82, 85 and 86).

Under these circumstances, the Court not only can assume the truth of these allegations,

1  it is required to do so, because they have not been contradicted by affidavit.

2  **3. PLAINTIFF'S OPPOSITION MEMORANDUM DISCUSSES 37 OF THE
    PARAGRAPHS SET FORTH IN THE FAC, AND THE PLAINTIFF'S
    OPPOSITION DECLARATION INCORPORATES THESE DISCUSSIONS
    AND SWEARS TO THE TRUTH OF THE MATTERS ALLEGED, SO
    EVIDENTIARY SUPPORT FOR THE ESSENTIAL ALLEGATIONS OF
    THE FAC HAS BEEN PROVIDED BY THE PLAINTIFF**

Another factor that seems to have been overlooked by the Defendants is the fact that the Plaintiff's Opposition Memorandum discusses no less than 37 of the FAC's paragraphs, and the truth and accuracy of the allegations contained therein is sworn to by the Plaintiff in his Opposition Declaration, as it states the following:

> "15. I have read the contemporaneously filed and served Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion to Dismiss for Lack of Personal Jurisdiction, and know the contents to be true and correct of my own personal knowledge, to which I could competently testify if called as a witness. Each and every averment contained therein, is hereby incorporated by this reference, as though fully set forth at length herein.
> I declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct."
> (See Opp. Decl. Of WILLIAM, page 15, lines 9-15)

Under these circumstances, the suggestion that the sworn allegations of the FAC cannot be considered by the Court, and have to be disregarded, as inadmissible, is complete nonsense.

**4. THE DEFENDANTS' "HEARSAY" OBJECTIONS, TO THE SWORN
    ALLEGATIONS OF CALIFORNIA FORUM RELATED CONTACT BY
    THE DEFENDANTS, LACK MERIT, BECAUSE THE ALLEGATIONS
    CONCERNING THE DEFENDANTS' OWN STATEMENTS, ARE NOT
    HEARSAY STATEMENTS, PURSUANT TO FRE 801(d)(2)(A)(E)**

Of the Defendants' 23 separate Objections, 18 of them allege that Plaintiff's sworn allegations concerning oral and written statements by the Defendants themselves, which were expressly aimed at the Plaintiff in California (and designed to inform Plaintiff of the harm which had already been inflicted upon him, and the additional harm that would be inflicted upon him unless he signed the Defendants' Modification of Trust document and returned it to Oregon prior

to 6/19/08), are inadmissible as hearsay, purportedly pursuant to Fed. R. Evid. 801, 802.

Once again, this is complete nonsense, as the contention flies in the face of Fed. R. Evid. 801(d)(2)(A)(E), which states the following, in pertinent part:

> **"(d) Statements which are not hearsay.**
> A statement is not hearsay if –
> (2) *Admission by party-opponent.* The statement is offered against a party and is
> (A) the party's own statement, in either an individual or a representative capacity or  .   .   .   .
> .   .   .   .   .
> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

### 5. THE DOCUMENTS ATTACHED TO PLAINTIFF'S OPPOSITION DECLARATION AS HIS EXHIBITS #1-#5 ARE ALL PROPERLY AUTHENTICATED BY THE PLAINTIFF, CONTRARY TO THE DEFENDANTS' ERRONEOUS CONTENTIONS

Among the boiler-plate objections that are liberally sprinkled throughout the Defendants' Objections, they allege that the documentary evidence attached to the Plaintiff's Opposition Declaration, as his Exhibits #1-#5, are inadmissible because they have not been properly authenticated by the Plaintiff.

For instance, Defendants' Objections #11-#16 all contain objections to the Plaintiff's testimony concerning the crucial letters from Defendant DOWNES or the terms of the irrevocable trust, on the basis that such testimony "is also inadmissible without a properly authenticated copy of the mailing" or "is also inadmissible without a properly authenticated copy of the trust".

These authentication objections overlooks the fact that Plaintiff's Opposition Declaration authenticates all of his attached exhibits, on pages 8 through 11. Plaintiff authenticates his Exhibit #1 (Defendant DOWNES' letter dated 6/10/09), on page 8, lines 4-6. Plaintiff authenticates his Exhibit #2 (the Modification of Trust document which was included with

Defendant DOWNES' letter dated 6/10/09), on page 9, lines 17-19. Plaintiff authenticates his Exhibit #3 (Defendant DOWNES' letter dated 6/19/09), on page 10, lines 1-3. Plaintiff authenticates his Exhibit #4 (the Will of Samuel J. Rupert, u/a/d 11/1/95, and Codicil to Will, dated 1/26/04), on page 10, lines 15-17. Finally, Plaintiff authenticates his Exhibit #5 (The Samuel J. Rupert Trust, u/a/d 11/1/95, as Amended 1/26/04), on page 11, lines 17-19.

Once again, the Defendants' lawyers do not appear to have adequately scrutinized the Plaintiff's opposition papers, before preparing and submitting their reply papers to the Court, as shown by the multitude of erroneous and inaccurate factual statements, and the erroneous and inaccurate legal contentions, that infect the Defendants' reply papers.

**6. THE DEFENDANTS' "EVIDENTIARY OBJECTIONS" ARE ENTIRELY INAPPROPRIATE AT THIS STAGE OF THE CASE, AND SEEMS TO EXHIBIT AN UNREASONABLE, AND UNACCEPTABLE, IGNORANCE OF THE PROPER PROCEDURES, AND PRESUMPTIONS, WHICH MUST BE UTILIZED BY THE COURTS, WHEN A DEFENDANT SEEKS THE DRASTIC REMEDY OF DISMISSAL, UNDER FRCP 12(b)(2), PRIOR TO FILING A RESPONSIVE PLEADING IN THE CASE**

The subtle massaging of the truth, by the Defendants, in order to make it appear that there is legal authority for their fatuous contentions, is well exhibited by how they have chosen to represent the pertinent case of <u>Harris Rutsky & Co., Ins. Serv. Inc. v. Bell & Clements Limited</u> 328 F.3d 1122, 1128-29 (9th Cir. 2003).

In the hands of the Defendants, this case stands for the following:

> "Plaintiff must provide a prima facie showing of personal jurisdiction, i.e., produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. **Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.**, 328 F.3d 1122, 1129 (9th Cir. 2003)."
> (See Defts' Reply, page 4, lines 9-11)

However, the actual holdings by the Court in this case are significantly different, as no requirement to "produce admissible evidence" is set forth or established by the Court's ruling.

The *Harris Rutsky* Court (infra) actually set forth the following requirements:

> "Here, the district court acted on the defendant's motion to dismiss without first holding an evidentiary hearing. In such a case, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. *Id.* ASR **'need only demonstrate facts that if true would support jurisdiction over the defendant.'** *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). Unless directly contravened, ASR's version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [ASR's] favor for purposes of deciding whether a prima facie case for personal jurisdiction esists.' *Doe, I,* 248 F.3d at 922 (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 200) ('Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [plaintiff]'s version of events for purposes of this appeal.')."    (bold emphasis added)
> <u>Harris Rutsky & Co., Ins. Serv. Inc. v. Bell & Clements Limited</u>
> 328 F.3d 1122, 1128-29 (9th Cir. 2003)

### 7. CONCLUSION

The Defendants' Motion to Dismiss did not request an evidentiary hearing, and none has been set by the Court. Therefore, the Defendants' voluminous "Objections to Evidence" are entirely inappropriate and improper, at this early stage of the case, in the pleadings stage.

The Defendants' moving and reply papers show that the Defendants are represented by Joseph P. McMonigle, Esq., Jessica R. MacGregor, Esq., John S. Hong, Esq., Edward S. Zusman, Esq., and Kevin K. Eng, Esq. These 5 lawyers have 78 years of combined experience. Their repeated misrepresentations of fact and law, in virtually the same breath, throughout their moving and reply papers is extremely disappointing to the Plaintiff, who was expecting more than clumsy attempts at sophistry, from these trusted Officers of the Court, who enjoy the privilege of practicing in the United States District Court for the Northern District of California.

Dated: December 28, 2009

*William Rupert*
William Rupert
Plaintiff Pro Se

## PROOF OF SERVICE BY MAIL
**William T. Rupert v. Susan Bond et al.,**
**Case No. 5:09-cv-02758 JF (RS)**

I, the undersigned, state that I am a citizen of the United States and a resident of the County of Santa Cruz, State of California; that I am over the age of eighteen years and not a party to the above-entitled action; that my business and mailing address is P.O. Box 66403, Scotts Valley, CA 96067-6403.

On **December 28, 2009,** I served true and correct copies of the following:

**SURREPLY OF PLAINTIFF WILLIAM RUPERT TO "DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)]"**

on the persons and/or entities listed below, by placing said copies enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office at Santa Cruz, California, addressed as follows:

LONG & LEVIT LLP
ATTN: JESSICA R. MACGREGOR
465 California Street, Suite 500
San Francisco, CA 94104

MARKUN ZUSMAN & COMPTON, LLP
ATTN: KEVIN K. ENG
465 California Street, Suite 500
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 28th Day of December, 2009, at Ben Lomond, California.

*Carol Slater*

Carol Slater

---

1
PROOF OF SERVICE BY MAIL
[Case No. 5:09-cv-02758 JF (RS)]